IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHIOMA IHEJIRIKA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EVANGELIA KLAPAKIS, et al. | : | NO. 10-3190 |

**MEMORANDUM**

Ludwig, J.                                                                                                    September 29, 2011

      Chioma Joy Ihejirika petitions for review of the June 26, 2008 decision of the U.S. Department of Justice, Immigration and Naturalization Service (INS) denying her application for naturalization to become a United States citizen. The application was denied on the sole basis that petitioner lacked the good moral character to become a citizen. Following a hearing to review the decision, the U.S. Department of Homeland Security, Citizenship and Immigration Services (CIS) affirmed the decision on April 15, 2010. Jurisdiction is 8 U.S.C. §§ 1421(c), 1447; 8 C.F.R. § 336.9. Judicial review is *de novo* and "the court shall make its own findings of fact and conclusions of law . . . ." Id.

      Petitioner was born in Nigeria on June 15, 1972. In 1992, she entered the United States using a passport that was not her own. On December 14, 1996, she married Emmanuel Asoluka Ihejirika, a United States citizen. Mr. and Mrs. Ihejirika have been employed steadily and have paid their taxes. They own their home where they live with their four children who are between the ages of 5 and 14 years. The family has been active in their church. They have given financial assistance to family members in Nigeria. Petitioner has no criminal record.

On April 11, 2001, petitioner applied for an adjustment of immigration status. As part of the application, she admitted that she "entered the United States on a passport that was not my own." Administrative Record ("R.") 41. On May 22, 2002, INS waived this ground for excluding her and granted her lawful permanent resident status.

On June 27-30, 2007, petitioner applied to become a United States citizen. Although she had been assisted by counsel in applying for permanent residency, she was not assisted by counsel in the applying for citizenship. In the application for naturalization, she answered by check-marking the "no" boxes adjacent to the questions:

> Have you ever given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion or removal?"
>
> Have you ever lied to any U.S. government official to gain entry or admission into the United States?

R. 17. She certified under oath and penalty of perjury that "this application, and the evidence submitted with it, are all true and correct." R. 19.

On June 24, 2008, CIS adjudication officer Jeanne Ciccone interviewed petitioner under oath about the application. The officer does not remember the interview. The parties agree the officer asked the following questions to which petitioner answered "no":

> Have you ever lied to a US government official or given false or misleading information?
>
> Have you ever used fraudulent documents or anyone else's documents for any reason?

"The Parties' Joint Submission . . ." ("J.S.") ¶¶ 10-12, doc. no. 13.  At the end of the

2

interview, petitioner certified under oath and penalty of perjury that the contents of the application were "true and correct to the best of [her] knowledge and belief." R. 19.

Officer Ciccone had petitioner's entire file. However, the officer did not "confront" petitioner "about her entry into the United States in 1992" and did not ask petitioner "any other questions regarding her entry into the United States, or any other questions to jog her memory, and does not recall [petitioner] making any other statement regarding her entry into the United States." J.S. ¶ 13.

On June 26, 2008, CIS denied the application for naturalization. R. 20-22. The decision was based solely on a finding that petitioner lacked good moral character pursuant to 8 C.F.R. §§ 316.2(a)(7), 316.10(a), 316.10(b)(2)(vi).[1] The officer found that petitioner had given "false or misleading information to an immigration officer" by "concealing" her use of another's passport to gain entry to the United States "in order to secure a favorable decision regarding [petitioner's] application for naturalization." R. 22. Petitioner appealed the decision. On the request form for a hearing, petitioner's attorney stated that her "misunderstanding of the questions – caused by limited understanding of English language

---

[1] 8 C.F.R. § 316.10(b)(2)(vi) provides in part:

An applicant shall be found to lack good moral character if during the statutory period the applicant: . . . Has given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit; this prohibition applies regardless of whether the information provided in the false testimony was material, in the sense that if given truthfully it would have rendered ineligible for benefits either the applicant or the person on whose behalf the applicant sought the benefit.

and nervousness, led to her wrong responses to questions asked at her naturalization examination." R. 23. Petitioner attached an affidavit to the form, attesting to that reason and an additional reason for her answers:

> I thought that those questions concerns the period covering since my Green Card was granted to present. In my mind, I thought that the question about how I entered the United States of America was resolved many years ago when my Green Card was granted. If I had understood the officer's questions correctly, I had no reason to tell lies and would have answered those questions in the affirmative.

R. 25.

On May 27, 2009, a hearing was held at which petitioner appeared with counsel. The hearing was not transcribed. Through her attorney, petitioner explained she believed the interviewing officer's questions referred to the period beginning the date she had become a permanent resident, ending the date of the interview. Petitioner testified, which the hearing officer noted as follows:

- It was a long time ago & she did not remember; she forgot how she came in.
- She thought she was forgiven.
- She did not understand the question. She thought the question was . . . [ellipsis in original] She doesn't think she did anything wrong.

R. 164. The hearing officer then asked petitioner about a statement handwritten on the naturalization application, which petitioner had initialed and dated: "never used fraudulent documents or someone else's documents for any reason." R. 2, 164. When asked by the hearing officer if petitioner knew what the word "never" meant, petitioner responded: "never ever." Id.

On April 15, 2010, CIS affirmed the denial of petitioner's application for naturalization. R. 1-3. The reviewing officer found that petitioner was not a person of "good moral character" as required by 8 C.F.R. § 316.10, because during the June 24, 2008 interview, petitioner "provided false testimony." In regard to the "three reasons [petitioner] provided for not truthfully answering the questions related to having submitted fraudulent documents," the reviewing officer found: "Each answer contradicts the other." R. 2.

Petitioner filed for naturalization as a spouse of a United States citizen pursuant to 8 U.S.C. § 1430; 8 C.F.R. § 319.1 (eligibility for naturalization as a spouse). To be eligible for naturalization, an applicant must show that he or she is "a person of good moral character." 8 U.S.C. § 1427(a)(3)[2]; 8 C.F.R. § 316.2(a)(7) (eligibility requirements for naturalization including good moral character); 8 C.F.R. § 316.10 (requirement of good character during the statutory period and findings of a lack of good moral character). The statutory period for which good moral character is required for a spouse of a United States citizen is three years before the application for naturalization is filed, and continues until the applicant becomes a United States citizen. 8 U.S.C. §§ 1430(a), 1427(a)(3); 8 C.F.R. § 319.1(a)(7). Determinations of good moral character must be made "on a case-by-case basis taking into

---

[2] 8 U.S.C. § 1427(a)(3) provides in part:

No person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant, . . . during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

account the elements enumerated in [8 C.F.R. § 316.10] and the standards of the average citizen in the community of residence." 8 C.F.R. § 316.10(a)(2).

Pursuant to 8 U.S.C. § 1101 there are several statutory bars to finding that an applicant possess good moral character, including the following:

> No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is or was . . . one who has given false testimony for the purpose of obtaining any benefits under this chapter.

8 U.S.C. § 1101(f)(6). The Supreme Court has construed this provision to "mean[ ] precisely what it says" – a person may lack good moral character "on account of having given false testimony if he has told even the most immaterial of lies with the subjective intent of obtaining immigration or naturalization benefits." Kungys v. United States, 485 U.S. 759, 779-80 (1988). However, "§ 1101(f)(6) applies only to those misrepresentations made with the subjective intent of obtaining immigration benefits:

> It is only dishonesty accompanied by this precise intent that Congress found morally unacceptable. Willful misrepresentations made for other reasons, such as embarrassment, fear, or a desire for privacy, were not deemed sufficiently culpable to brand the applicant as someone who lacks good moral character.

Id. at 780 (quotations omitted). See Ajuz v. Mukasey, No. 07-MC-0185, 2009 WL 902369, at *5 (E.D. Pa. Apr. 2, 2009) (petitioner found of good moral character where he innocently but falsely answered "no" when asked at the naturalization interview if he had ever been married anywhere at anytime, believing that his marriage a few months earlier had nothing to do with his immigration paperwork); Zheng v. Chertoff, No. 08-0547, 2008 WL 4899342,

at *3-4 (E.D. Pa. Nov. 12, 2008) (applicant found of good moral character where he admitted in applying for residency that he had entered the United States using an altered passport but when he applied for citizenship, he answered "no" to questions regarding whether he had ever lied to gain entry to the United States).

In this case, petitioner has demonstrated that during the statutorily prescribed period, she has been and continues to be a person of good moral character. Petitioner has been gainfully employed, pays her taxes, and has no criminal record. She cares for her family and gives to those less fortunate. She contributes to her church and community. She passed the U.S. history and civics examination. The agency's findings and conclusions that she concealed and falsely testified about using someone else's passport to enter the United States for the purpose of obtaining citizenship are rejected. Petitioner made a serious but explained mistake.

Petitioner's affidavit and testimony before the hearing officer are credible. Any discrepancies among the reasons she gave for her mistaken answers are consistent with her limited command of English, her nervous inexperience with the naturalization process, and her lack of understanding about the scope of the questions being asked. See, e.g., Chan v. INS, No. 00-MC-243, 2001 WL 521706, at *7 (E.D.N.Y. May 11, 2001) (naturalization granted where petitioner's false testimony about prior marriages and a previous arrest for possession and distribution of heroin appeared to be the consequences of his confusion, misunderstandings, limited command of English, and lack of a full appreciation of the factors that would constitute and render permanent his arrest record). Petitioner was credibly

confused about whether her illegal entry into the United States had been "forgiven" in the sense that it had been expunged from her immigration record.

Petitioner's actions fall far short of giving false testimony for the specific purpose of gaining the benefit of naturalization. In the 2001 application for residency, she forthrightly admitted her use of another's passport. That event occurred in 1992, some 15-16 years prior to the 2007 application and 2008 interview for naturalization. Once she was granted lawful permanent resident status, it is understandable that she would try to put that event behind her and would forget the more painful or embarrassing details. See, e.g., Cacho v. Ashcroft, 403 F. Supp. 2d 991, 997 (D. Haw. 2004) (naturalization granted where discrepancies between petitioner's two accounts of his molestation of a child were not subjectively manipulated to ensure obtaining immigration benefits where the event occurred 15 years prior to the naturalization interview and was the sort of event that petitioner tried to put behind him).

The agency makes the argument that petitioner lied about telling the truth in the past. See Zheng, 2008 WL 4899342, at *4 (argument that petitioner "lied about lying in the past" was "tenuous" where "an average person . . . would have realized that the USCIS was already aware of the contradictions in [petitioner's] record when it questioned him and he may not have understood the nature of the questioning). It makes little sense to conclude that someone who had already admitted a prior bad act to the INS to obtain lawful permanent residency would be intent on misleading the CIS about that bad act to obtain naturalization.

Petitioner does not fall under any of the other categories in 8 U.S.C. § 1101(f)(1) through (9) that would preclude her from being found as a person of good moral character. Petitioner has met all statutory and regulatory requirements to qualify for United States citizenship. The agency agrees that but for petitioner's false testimony, she would not have been denied citizenship. Accordingly, an order will be entered granting the petition for naturalization.

> BY THE COURT:
>
> /s/ Edmund V. Ludwig
> Edmund V. Ludwig, J.